UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE R. GRABOWSKI,

        Plaintiff,

                                    Case No. 13-10699

v.                                Honorable Linda V. Parker

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Plaintiff initiated this lawsuit on February 19, 2013, seeking judicial review of Defendant's determination that she is not entitled to social security disability benefits. One of the challenges Plaintiff raised to Defendant's determination was the Administrative Law Judge's conclusion that her mental impairments (bipolar disorder, depression, dependent personality disorder, and polysubstance dependence) do not meet or equal a listed impairment. The Administrative Law Judge ("ALJ") reached this conclusion because he found that Plaintiff suffered only moderate difficulties or restrictions in activities of daily living, social functioning, and concentration, persistence, or pace, and that while she had experienced one to two episodes of decompensation, none had been for an extended duration. Finding that the ALJ took selective portions of Plaintiff's

hearing testimony and statements suggesting that she is able to engage in activities of daily living, social functioning, and concentration, persistence, or pace, while overwhelming evidence indicated that she in fact is markedly limited in at least two of these areas, the Court reversed Defendant's decision and entered judgment in Plaintiff's favor.

Presently before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, filed February 9, 2015. (ECF No. 32.) Defendant filed a response to the motion on March 5, 2015, arguing that its position in the underlying action and in these civil proceedings was substantially justified and thus a fee award should not be made. (ECF No. 35.) Alternatively, Defendant argues that Plaintiff's requested fees are excessive. Plaintiff did not file a reply brief. For the reasons that follow, the Court awards Plaintiff her attorney's fees but in an amount less than she requests.

### Procedural Background

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act on September 23, 2009, alleging that she became disabled on January 29, 2007. The Social Security Administration denied Plaintiff's application for benefits initially. Upon Plaintiff's request, ALJ Richard L. Sasena ("ALJ") conducted a de novo hearing on March 3, 2011. Plaintiff, her caseworker, and a vocational expert testified at the hearing. The ALJ issued a

2

decision on October 3, 2011, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became Defendant's final decision when the Social Security Appeals Council denied review. Plaintiff then initiated this action.

The parties thereafter filed cross motions for summary judgment, which this Court referred to Magistrate Judge Charles E. Binder. As indicated earlier, one of the arguments Plaintiff raised in her motion was that substantial evidence did not support the ALJ's conclusion at the third step of his five-step analysis that Plaintiff's impairments did not meet or equal a listed impairment. In a report and recommendation issued July 14, 2014, Magistrate Judge Binder found no error in the ALJ's step-three assessment. The magistrate judge also concluded that substantial evidence supported the ALJ's decision that Plaintiff is not disabled.

Plaintiff filed objections, which this Court granted in an opinion and order issued November 10, 2014. The Court concluded that the ALJ and Magistrate Judge Binder could have found that Plaintiff suffered only moderate limitations in activities of daily living and social functioning by cherry-picking portions of her testimony and the record. The Court found that the evidence in fact indicated that Plaintiff suffers marked limitations in both areas. The Court therefore found Plaintiff disabled for purposes of the Social Security Act, reversed Defendant's

decision, and entered a judgment in favor of Plaintiff.  Defendant did not appeal the Court's decision.

## The EAJA

The EAJA provides in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d).  There is no dispute that Plaintiff is a prevailing party.  The only challenges that Defendant raises relative to Plaintiff's request for attorney's fees are whether the government's position was "substantially justified" so as to preclude an award and, if not, the reasonable hours expended by Plaintiff's counsel for use in calculating the award.

" 'Substantially justified' means 'justified in substance or in the main– that is, justified to a degree that could satisfy a reasonable person.' " *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 842 (6th Cir. 2006) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  To be substantially justified, the government's position must be reasonable both in law *and* fact.  *Pierce*, 487 U.S. at 559; *see also Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989).  "[A] position can be justified even though it is not correct . . .." *Pierce*, 487 U.S. at 556

4

n.2.  As well, the government's position may have been substantially justified even
if it lost the case.  *Howard v. Barnhart*, 378 F.3d 551, 554 (6th Cir. 2004).  The
government bears the burden of proving that its position was substantially
justified. *See Scarborough v. Principi*, 541 U.S. 401, 403 (2004).

## Application

This Court agrees with Plaintiff that the ALJ's step-three determination was
based on a skewed view of the evidence and that Defendant's defense of the ALJ's
analysis was not substantially justified.  In other words, Defendant's position was
not reasonable in fact.  Defendant argues that Magistrate Judge Binder's agreement
with its position "reflects that reasonable people could differ as to the propriety of
the contested action."  (ECF No. 35 at Pg ID 867.)  This Court found, however,
that the magistrate judge, like the ALJ, took selective portions of Plaintiff's
hearing testimony and statements and ignored overwhelming evidence reflecting
that she suffers marked restrictions in activities of daily living and social
functioning.  Defendant did not simply commit "a run-of-the-mill error in
articulation", *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011); rather
Defendant mischaracterized and ignored evidence.  The Court therefore holds that
Plaintiff is entitled to an award of attorney's fees.  The Court agrees with
Defendant, however, that Plaintiff is not entitled to the full amount of the award
she seeks.

Generally, the starting point to determine the amount of a reasonable fee award under the EAJA is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) (explaining that once a litigant has established eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.").

As an initial matter, Defendant does not take issue with the hourly rate ($170) requested by Plaintiff.[1]  Defendant argues, however, that the 51.6 hours of work for which Plaintiff seeks reimbursement were not reasonably expended in pursuit of this litigation.  Specifically, Defendant takes issue with the following: 13.7 hours for work it claims was unrelated to this litigation or concerned

---

[1] The EAJA indicates that "[f]ees and other expenses" include "reasonable attorney fees," which should be based upon:

> prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys or agents for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  Courts in this District have held that an increase in the cost of living or the limited availability of qualified attorneys justifies an hourly rate of $170 and higher.  *See, e.g., Prieur v. Comm'r of Soc. Sec'y*, No. 13-cv-12409, 2015 WL 143922, at *2 (E.D. Mich. Jan. 12, 2015) (Leitman, J.); *Pizzo v. Comm'r of Soc. Sec'y*, No. 13-cv-11344, 2014 WL 7157129, at *1 (E.D. Mich. Dec. 15, 2014) (Steeh, J.).

6

Plaintiff's separate Social Security Insurance ("SSI") application; 2.5 hours spent corresponding with Plaintiff's legal guardian; 1.5 hours expended inquiring about whether the Appeals Council had effectuated the Court's order and its effect on Plaintiff's concurrent SSI application; . 2 hours spent contacting the Court when the wrong judgment was filed on the docket; and 2.7 hours billed for receipt and review of basic court orders (e.g., notice of electronic filing of client's complaint, notice of order granting ex parte motion for extension, notice that administrative transcript was downloaded by defendant; notice of magistrate judge reassignment).

Counsel for the prevailing party must exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id*. (internal quotation marks and citation omitted, emphasis in *Hensley*). The party seeking fees has the burden of proving that the fees requested are reasonable. *Id*. at 437.

Plaintiff is not entitled to reimbursement for the hours her attorney spent on matters unrelated to this case.[2] Contrary to Defendant's assertion, however, the

---

[2] Plaintiff in fact filed a motion on the date of the filing of this decision, seeking leave to amend her motion for attorney's fees in order to deduct the hours her counsel expended filing a new social security application at the administrative

Court believes that the 2.2 hours Plaintiff's counsel billed for time spent communicating with Plaintiff and/or Plaintiff's guardian *about this case* are compensable as they are hours that an attorney would properly bill to his or her client.  This includes the following time entries:

| | | |
|---|---|---|
| 12/16/13 | .4 | Correspondence sent to Nicole care of her legal guardian, John Yun, Esq., forwarding the U.S. Attorney's Motion for Summary Judgment and explaining that the Motion was not a "decision," and describing the timeline regarding what will be occurring next, etc. |
| 3/24/14 | .4 | Correspondence to John Yun- sent a copy of our Motion for Summary Judgment |
| 3/25/14 | .1 | E-mail response sent to Jennifer Swartz indicating that the case has been reassigned to a new Magistrate Judge, etc. |
| 7/30/14 | .4 | Correspondence sent to Nicole care of John Yun, Esquire, legal guardian for the client, enclosing the Magistrate Judge's Report and Recommendation and advising that this is not a final decision and that we would be filing Objections to this Report and Recommendation, etc. |
| 12/8/14 | .7 | Correspondence sent to Nicole care of John Yun, Esq., forwarding the favorable decision for the U.S. District Court. Explained what occurred in the decision and that it was a reversal of the administrative decision previously issued. Explained that we need to wait the appeal period before this becomes a final decision. Also forwarded an EAJA assignment form, should EAJA fees become available, etc. |
| 12/30/14 | .2 | Client called regarding the Federal Court decision.  Explained to her that we are waiting for the appeal period to expire.  If there is no appeal, we will withdraw our Request for Hearing on her new application.  Presently Nicole lives at Northville Farm with a friend, has no income, etc. |

level.  (ECF No. 36.)  Plaintiff's counsel represents that she inadvertently forgot to delete those entries previously and that their removal reduces the hours for which she is seeking attorney's fees to 41.9 hours.  As the Court already made the decision to remove those hours from its calculation of the attorney's fees to award Plaintiff, it is denying the motion as moot.

These were not simple courtesies, like the "thank you" e-mail mentioned in the case cited by Defendant: *Loiselle v. Commissioner of Social Security*, No. 08-12513, 2010 WL 4643073, at *3 (E.D. Mich. Oct. 18, 2010).  Instead, Plaintiff's counsel was keeping her client apprised of the litigation.  *See Quade ex rel. Quade v. Barnhart*, 570 F.Supp.2d 1164, 1167 (D. Ariz. 2008) (holding that attorney fees requested under the EAJA for time spent during telephone calls with client were reasonable, where attorney has ethical duty to communicate with client, and legal issues could have arisen in those calls).

The Court also believes that the 2.7 hours expended by Plaintiff's counsel to review simple and/or routine notices and orders that were issued in this case are compensable and reasonable.  Although other courts have reduced or disallowed billing entries for the receipt and review of simple orders, this generally was due to the attorney's billing in one-quarter increments.  *See, e.g., Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 221 (W.D.N.Y. 2006) (holding that a reduction was necessary when a number of entries were billed in quarter-hour time increments for tasks that seemingly would not take a full fifteen minutes (i.e., enclosure letters, receipt and review of simple orders from the court and letters for extensions of time); *Hawkins v. Astrue*, No. Civ. A. 09-7460, 2010 WL 5375948 at *2-3 (E.D. La. Nov. 24, 2010) (finding that billing in .25 increments for a review of what are at most one-page documents is unreasonable and reducing charges to one-tenth of

9

an hour); *Hagen v. MRS Assoc., Inc.*, No. Civ. A. 99-3749, 2001 WL 531119, at

*4-5 (E.D. La. May 15, 2001) (reducing the fee award by 10% to account for the

inadequacy of quarter-hour billing increments); *Dzwonkowski v. Dzwonkowski*, No.

05-0544-KD-C, 2008 WL 2163916, at *26 (S.D. Ala. May 16, 2008) (reducing

each time entry recorded as .25 to .1); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615

(N.D. Tex. 2000) (billing one quarter-hour to review simple notices, motions and

court orders that were less than one page long is excessive); *Bowman v. Sec'y of

H.H.S.*, 744 F. Supp. 898, 899-901 (E.D. Ark. 1989) (reducing or disallowing

billing entries of .25/hour for the receipt and review of short and simple motions

and orders). Here, Plaintiff's counsel billed in increments of one-tenth of an hour

and her receipt and review of simple and/or routine notices and orders did not take

longer than what appears to have been reasonable for the particular document at

issue.

   For these reasons, the Court concludes that Plaintiff is entitled to

compensation for 4.9 hours of her attorney's time above the 30.5 hours that

Defendant identifies for the Court to include in any fee award. [3] (*See* ECF No. 35

---

[3] Of these 30.5 hours, Defendant does contest the combined 9.2 hours Plaintiff's
counsel spent on August 10 and 12, 2014, preparing the objection to the Magistrate
Judge's Report and Recommendation.  (ECF No. 35 at Pg ID 888.)  Defendant
argues that "9.2 hours appears excessive given [Plaintiff's counsel's] familiarity
with the case and the underlying law."  (*Id*.)  Defendant also argues that Plaintiff
did not introduce any new argument or significantly alter the arguments she

at Pg 887-888).  Additionally, in its list of compensable entries (*see id*.), Defendant

omits a May 28, 2013 billing entry of .9 hours without stating a reason for

excluding the time.  This works is described as being expended on the instant

action, specifically: "Correspondence sent to three locations of defendant-- served

the Summons and Complaint via certified mail".  In total, therefore, the Court finds

that Plaintiff is entitled to an award of attorney's fees based on 36.3 hours of work

expended by her counsel.

Plaintiff also seeks $183.00 in costs, which is comprised of the following:

$47.00 PACER charge to download the administrative transcript; $84.00 Westlaw

research on December 9, 2013; and $52.00 Westlaw research on August 19, 2014.

(ECF No. 32-3 at Pg ID 852.)  In response, Defendant contends that Plaintiff has

not shown that Westlaw research fees are recoverable under 28 U.S.C. § 1920.

(ECF No. 35 at Pg ID 889.)  The EAJA allows for an award of costs beyond those

identified in § 1920, however

Specifically, in addition to costs compensable under § 1920, *see* 28 U.S.C.

§ 2412(a)(1), the EAJA provides for an award that includes "reasonable fees *and*

*expenses of* attorneys[.]"  *Id*. § 2412(b) (emphasis added).  The EAJA provides this

definition, in relevant part, with respect to "fees" and "expenses":

---

previously raised.  The Court declines to reduce the time reported, however,
particularly given that those objections enabled Plaintiff to prevail in this litigation.

"fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . .

28 U.S.C. § 2412(d)(2)(A). Several courts have held "that 'fees' and 'expenses' are defined in the Act by example, rather than by limitation." *Jean v. Nelson*, 863 F.2d 759, 777-78 (11th Cir. 1988) (citing *Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985); *Aston v. Sec'y of HHS*, 808 F.2d 9, 12 (2d Cir. 1986)); *see also Hyperion, Inc. v. United States*, 118 Fed. Cl. 540, 548 (2014); *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988); *Patel v. Att'y Gen. of United States*, 426 F. App'x 116, 118 n.6 (3d Cir. 2011) (recognizing that the EAJA does not provide an exhaustive definition of expenses). Those courts have held that "[t]he limitation on the amount and nature of such expenses is that they must be 'necessary to the preparation of the [prevailing] party's case.' " *Jean*, 863 F.2d at 778 (quoting 28 U.S.C. § 2412(d)(2)(A)). As such, they have found telephone, reasonable travel, postage, and computerized research expenses compensable under the EAJA. *Id.*; *see also Int'l Woodworkers of Am.*, 792 F.2d at 767 (holding that expenses routinely billed to a client- telephone, air courier, attorney travel- are recoverable under the EAJA); *Aston*, 808 F.2d at 12 (affirming award of telephone, postage, travel and photocopying expenses).

12

The Court finds that the expenses sought by Plaintiff were necessary to the preparation of her case. The Court therefore is awarding Plaintiff all of the costs sought, or $183.00.

**Conclusion**

For the reasons set forth above, the Court concludes that Plaintiff is entitled to an award of attorney's fees under the EAJA. The Court awards Plaintiff fees totaling $6,171.00, representing 36.3 hours of attorney work billed at $170.00 per hour. Additionally, the Court awards Plaintiff costs of $183.00. The total award of $6,354.00 should be payable to Eva I. Guerra, pursuant to the EAJA assignment signed by Plaintiff (*see* ECF No. 32-6), absent a debt owed by Plaintiff to the government. *Astrue v. Ratliff*, 560 U.S. 586 (2010). Accordingly, the Court is **GRANTING IN PART AND DENYING IN PART** Plaintiff's application for attorneys' fees under the Equal Access to Justice Act. (ECF No. 32.) As noted, the Court also is **DENYING AS MOOT** Plaintiff's Motion for Leave to File Corrected Application for EAJA Fees. (ECF No. 36.)

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 21, 2015

13

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 21, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager