UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE R. GRABOWSKI,

    Plaintiff,

v.

Case No. 13-10699
Honorable Linda V. Parker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

Plaintiff initiated this lawsuit on February 19, 2013, seeking judicial review of Defendant's determination that she is not entitled to social security disability benefits. On November 10, 2014, this Court reversed Defendant's decision and entered judgment in Plaintiff's favor. (ECF Nos. 28, 31.) Plaintiff thereafter moved for attorney's fees under the Equal Access to Justice Act ("EAJA") and, on April 21, 2015, the Court awarded Plaintiff attorney's fees in the amount of $6,171.00 and costs of $183.00. (ECF No. 38.) Presently before the Court is a motion filed by Plaintiff's counsel for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 37.)

In the motion, Plaintiff's counsel seeks attorney's fees totaling $14,056.00, which represents 25% of the past due social security disability benefits paid on

Plaintiff's account as a result of Plaintiff's success in this matter. Plaintiff's counsel's request is premised on a fee agreement signed by Plaintiff. (*See* ECF No. 37-3.) Plaintiff's counsel indicates that, if her request is granted, she will refund to Plaintiff the amount for EAJA fees that are approved and received, less expenses.[1] Plaintiff's counsel also indicates that she sent a copy of the motion to Plaintiff, as well as a letter informing Plaintiff of her opportunity to send a statement to the Court, within fifteen days, objecting to counsel's request. (*See* ECF No. 37-5.) The Court did not receive any communications from Plaintiff, nor did Defendant file an opposition to Plaintiff's counsel's motion.

42 U.S.C. § 406(b) directs that a court may allow a "reasonable fee" for court-related services not exceeding 25 percent of a claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Contingency fee agreements like the one signed by Plaintiff are typical in social security cases. In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court recognized the permissibility of contingent fees within the confines of § 406(b), subject to judicial review for reasonableness:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in

---

[1] "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (internal quotation marks, brackets, and citation omitted).

> court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.

*Id.* at 807 (citing 42 U.S.C. § 406(b)). The *Gisbrecht* Court rejected the lodestar approach as the measure of reasonableness in a § 406(b) fee petition, *id.* at 806, giving primacy to the contingent fee agreement, but testing its reasonableness "based on the character of the representation and the results the representative achieved." *Id.* at 808. In making the reasonableness determination, "the court may require the claimant's attorney to submit not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fees yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

Plaintiff's counsel has attached to her motion a detailed accounting of the time expended representing Plaintiff in this matter. (*See* ECF No. 37-4.) She also indicates that her normal hourly fee is $230.00. The Court finds that the time reflected in counsel's billing records are neither inflated nor unreasonable. Plaintiff's counsel was an effective, zealous advocate for her client and the results she achieved were excellent. Her request for $14,056.00 is within the range permitted under § 406(b) and the Court concludes that she is entitled to an award in this amount under the statute.

Accordingly,

**IT IS ORDERED** that the motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's counsel is awarded $14,056.00 as attorney's fees, which is being withheld by the Commissioner from Plaintiff's past due benefits;

**IT IS FURTHER ORDERED**, that Plaintiff's counsel shall remit to Plaintiff the amount of $6,171.00 that had been awarded in EAJA fees.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: July 14, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 14, 2015, by electronic and/or U.S. First Class mail.

                                                s/ Richard Loury
                                                Case Manager